PC SCAN

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]
FILED
10/28/2026
MAM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Charles Kucinsky

(Enter above the full name of the plaintiff or plaintiffs in this action)

vs.

Case No: 3:26-cv-50370
(To be supplied by the Clerk of this Court)

Latoya Hughes
Superintendent Bruno

(Enter above the full name of ALL defendants in this action. Do not use "et al.")

**CHECK ONE ONLY:**

**AMENDED COMPLAINT**

X **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

___ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

___ **OTHER** (cite statute, if known)

***BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.***

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

PLAINTIFF LITIGATION HISTORY

1) Common Law writ of Certoirari Charles Kucinsky v. IDOC et al cook county chancery Court case No 2014 CH 1774 Judge Neil Cohen won but lost on appeal Disciplinary Due Process

2) 42 U.S.C 1983 Charles Kucinsky v. Donna Jones et al; 2016 cv 1191 U.S. District Central District Judge Harold Baker (Settlement) conditions of confinement

3) 42 USC 1983 Livingston County Illinois Charles Kucinsky v. Andw Tilden et al; 2016 MR 144(?) medical deliberate Indifference dismissed appeal denied Judge Burkhart

4) 42 U.S.C. 1983; Will County Illinois; Charles Kucinsky v. Pfister et al; 2016 MR 3156 (Pending) Retaliation Judge Braun

5) 42 U.S.C 1983 Livingston County Illinois Charles Kucinsky v. Brennelsen 2019 L 28 (Pending) retaliation excessive force Judge Koll

6) 42 USC 1983 Southern District U.S. Court 2020 cv 617 Kucinsky v. Ahmed (Medical) Judge Rosenburg (chief Judge Summary Judgement Defendants

7) 42 USC 1983 Sangamon County 2018 MR 688 Kucinsky v. Baldwin et al; Judge Brand Summary Judgement granted medical

8) ~~2019~~ 42 USC 1983 Sangamon County 2019 MR 119 Kucinsky v. Kink et al Judge Ascher retaliation conditions of confinement (Pending)

9) 42 U.S.C 1983 U.S. District Court 2023 cv 342 Kucinsky v. Hughes conditions of confinement Judge Daly (Pending)

10) FOIA lawsuit Kucinsky v. Cook County states attorney Cook County Chancery Court 2022 CH 0007897 (Pending) Judge Jackson

Case: 3:26-cv-50370 Document #: 6-1 Filed: 10/07/26 Page 4 of 6 PageID #:189
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Between 2023 to Present Plaintiff was housed at Western, Joliet treatment Center Inpatient and R.T.U, Shawnee and presently Dixon at all times relevent to this complaint.

While at these Facilitys which were medium security these conditions mirrored defacto solitary confinement.

Plaintiff was excessively confined to a tiny cell designed to house one 20 to 24 Hours a day alone or with others due to overcrowding and understaffing with little to no access to yard gym programs or rehabilitive services due to Defendant Hughes policy of out of cell time and rehabilitive services being a priviledge.

The cell measured less the 50 square feet and only About 4 steps of open floor space. The cells were pest and vermin infested and Plaintiff had no access to cleaning supplies despite requesting them. Due to the aging infastructure and lack of up keep The ventilation was covered in mold and subjected Plaintiff to extreme heat in summer and extreme cold in winter.

Due to overcrowding and understaffing Plaintiff was Not able to have access to basic Hygene items like toothpaste toothbrushes soaps and other basic necessities.




[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Plaintiff was also denied extra blankets. The cells at times had broken windows and were covered in graffeti. Due to the cell size and cellmate who was incomptinble and plaintiff not being able to cope with one plaintiff was forced to sit for long Hours due to idolness causing him extreme back and lower body pain. Coupled with this is Latoya Hughes Policy of everyone having a cellmate no matter what and a broken classification system that results in incomptible people being housed together resulting in plaintiff facing future harm of injury and possibly death.

Coupled with this are the system lockdowns due to overcrowding and understaffing at those facilitys resulting in plaintiff not being able to access yard gym religious services or rehabilitive services. All of this coupled together has created a counter rehabilitative environment.

The totality of these conditions has caused plaintiff physical injury including but not limited to back and lower body extreme pain, migraine headaches, loss of appetite. ~~also caused~~

Defendant Hughes ~~has~~ as director is the policy maker of the IDOC. She has also toured Western Joliet treatment Center Shawnee and Dixon and has ~~[illegible]~~ witnessed the conditions first hand and has turned a blind eye to the conditions described herein.




[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Defendant Hughes has also personally read multiple reports by the John Howard association the marshall project and others highlighting conditions at these Facilitys plaintiff named in this complaint and was able to draw an inference that Plaintiff would suffer physical injury and furthermore Defendant Hughes has meet with representatives of these places to discuss conditions at Western, Joliet treatment Center, Shawnee and Dixon and Hughes has turned a blind eye to the conditions.

Plaintiff also personally spoke to Defendant Hughes when she toured Dixon in September 2025 and also in 2026, Plaintiff spoke to her about Her policys and the conditions stated in the complaint and she just dismissed plaintiff acted deliberately indifferent ~~and~~ acting like plaintiff was a NUISANCE.

Plaintiff also personally spoke with Defendant Bruno in April 2025 in ~~may~~ April 2026 and other OCCASIONS and He also acted deliberately Indifferent and told plaintiff He was tired of left wing liberals like plaintiff. Defendant Bruno has also toured Dixon and Witnessed the conditions and turned a blind eye. He has also personally read multiple reports by the John Howard association and others highlighting conditions at Dixon which plaintiff highlights in his complaint and Bruno was able to draw an inference that plaintiff would suffer physical injury due to the conditions. Bruno has also meet with representitives from J.H.A. to disscuss the conditions described in the report and plaintiffs complaint but Bruno did nothing to change the conditions.

Plaintiff has also shown clear signs that a layman could identify as sleep apnea due in part to Plaintiff being born with deviated septum. Plaintiff as a result has since he was in Western C.C. in 2023 expereneed fatigue sleep problems, gasping for air at night and other systoms ~~and~~ has complained to medical staff at Western, in 2023 Joliet treatment Center Inpatient Outpatient in 2024 ~~and~~ Shawnee in 2024-2025 and Dixon presently. While in those facilitys due to overcrowding and under staffing resulting in deliberate Indifference Plaintiff has been denied treatment for sleep apnia and delayed it.

While at Western Plaintiff was told they didn't treat sleep apnia. While at Joliet treatment Center Plaintiff was delayed treatment being told he had to wait till he transfers to another facility. At ~~Dixo~~ Shawnee and Dixon Plaintiff has been told to continue to go through a sick call process that resulted/results in unneeded delays because register nurses could not provide any treatment and due to a poor record keeping system plaintiffs sick call slips were ignored.

Presently at Dixon Plaintiff ~~has been waiting~~ plaintiff had been attempting to get a sleep apnia test since he got there febuary 2025 Plaintiff was over and over told to put in sick call and that he had to go through a sick call

process which resulted in months delay because His sick call slips went unanswered due to poor record keeping over crowding and understaffing.

plaintiff finally was seen and put in for referral for sleep apnia in 2025 November. plaintiff after that was then told sleep apnia was ruled out without plaintiff having been tested, then told a referall was in then later the referall expired. Since then plaintiff has been told another referral is pending resulting in unnecessary delays of serious medical condition.

Plaintiff recently was told the facility has been waiting on the hardware only one set available to the IDOC population.

This denial, delay has resulted in deliberate indifference and was the result of systemic overcrowding and understaffing.

Each of the facilitys plaintiff has been in has had one doctor for a population of 1000 to 2000 people and limited medical staff to meet plaintiff serious medical needs.

Defendant Hughes has long been aware of the over crowding and understaffing and its connection to how deliberate indifference results when providing plaintiff medical treatment to serious medical need.

Defendant Hughes has reviewed multiple monitor reports by court appointed monitors relating to medical treatment in IDOC and how over crowding and understaffing has resulted in deliberate

indifference. She was able to draw an inference from those reports and others by the John Howard Association and other groups that highlight the deliberate indifference to plaintiffs serious medical needs and she has turned a blind eye to those reports.

Plaintiff has also personally spoken to her in 2025 and 2026 about his sleep apnia issue and how long he has been delayed and denied it including while at Western, Joliet treatment Center, Shawnee and Dixon while Defendant Hughes toured Dixon and she acted deliberately indifferent to Plaintiffs serious medical need just being dismissive to plaintiff telling him He would be fine

Plaintiff also spoke to Defendant Bruno about His sleep apnia and Defendant Bruno acted deliberately indifferent to his serious medical need. ~~Defendant Bruno told Plaintiff his only responsibility was to make sure plaintiff did not [illegible]~~" Defendant Bruno deflected and told Plaintiff "nothing was the end of the world" and plaintiff would be fine. Plaintiff spoke to him multiple times in 2025 and 2026 and Bruno did nothing and just got curt with Plaintiff. Plaintiff continued to suffer physical injury Defendant Bruno just told plaintiff to remain ticket free. Defendant Bruno has reviewed multiple reports including John Howard association reports court appointed monitor reports and other reports

specifically highlighting how understaffing and over crowding and other factors have resulted in Dixon failing to treat people with serious medical needs and resulting in deliberate indifference to residents in Dixon.

Defendant Bruno was able to draw an inference from these reports that Plaintiff would suffer deliberate Indifference to his serious medical Needs while At Dixon C.C. and instead of Bruno taking any measures to act on the reports Findings He turned a blind eye to them.

Plaintiff has also been subject to a policy of Latoya Hughes which has restricted plaintiff from recieving physical mail for No ~~peole~~ penological reason and in violation of Illinois law that prohibits Defendant Hughes from not allowing plaintiff to recieve physical mail.

Defendant Hughes violated Illinois administrative Law by implimenting a policy without giving any concerned party a chance to object and by not meeting the requirements of the Illinois administrative Procedure Act.

As a result of Defendant Hughes Policy Plaintiffs access to his Non Legal/privileged mail has been curtailed the mail is loaded on to tablet but without notice deleted. Plaintiff has requested copies and is not provided a physical copy and when it is placed on tablet it is done so the parcels are incomplete.

Plaintiffs Legal mail is systemically opened that is clearly marked Legal and placed on the tablet.

V Relief

Reduce IDOC population / Dixon Population Make IDOC Dixon call cell single occupancy

Hire more staff; only confine prisoners from 11 P.m to 7 Am.

5 Hours yard / GYM DAILY

Award Plaintiff Compensatory Punitive damages

Find violations of R/A and ADA

Declare IDOC policies practices unconstitutional violating 1st 8th and 14th amendment.

Allow physical mail.

Provide constitutional medical care including providing treatment for sleep apnea.

Make plaintiff single cell status

~~[illegible]~~

V PLAintiff demands Jury trial

CERTIFICATION

I certify that the facts stated in this complaint are true to the best of my knowledge information and belief and that if the certification is not correct I may be subject to Court sanctions

/S/ Charles Kucinsky
Charles Kucinsky M2013 1
2600 N. Brinton ave
Dixon IL 61021